**Larry McKEE, Petitioner–Appellant,**

v.

**Charles R. GREINER, Respondent–Appellee.**

**Docket No. 01–2691.**

United States Court of Appeals,
Second Circuit.

May 31, 2002.

Sally Wasserman, Astoria, NY, for appellant.

Yael V. Levy, Assistant District Attorney for Bronx County, New York (Robert T. Johnson, District Attorney for Queens County; Joseph N. Ferdenzi, Assistant District Attorney, on the brief), for appellee.

Present McLAUGHLIN, JACOBS, and LEVAL, Circuit Judges.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED the judgment of the district court be AFFIRMED.

Larry McKee appeals from the order of the United States District Court for the Southern District of New York (Martin, J.), denying McKee's petition for a writ of habeas corpus. In 1997, McKee was convicted in New York state court of Murder in the Second Degree for the 1996 shooting of Teddy Vance. Three weeks before trial and over thirteen months after the crime, the government gave McKee, who is African–American, a memorandum prepared by an Assistant District Attorney, which summarized a telephone conversation with a police officer about a witness's statement implicating a Hispanic man in the shooting. However, when interviewed by the defense, the witness, Augustus Rivera, denied ever making the statement, and without Rivera's testimony affirming the statement, McKee was unable to introduce the substance of the memo, either for its truth or any other purposes.

The trial court *sua sponte* ordered a post-conviction hearing to determine whether the memorandum was *Brady* material and whether the delayed delivery impaired the defense's opportunity to use it. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *see also Kyles v. Whitley,* 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). The court determined that the memorandum was *Brady* material, but that the delay did not prejudice McKee, because: [1] Rivera was still available; [2] there was no evidence in the record to support McKee's contention that Rivera would have affirmed the statement if interviewed sometime earlier; [3] a mid-trial continuance was granted to allow McKee as much time as necessary to further investigate the memo and its contents; and [4] the delayed disclosure had no effect on McKee's trial strategy.

McKee appealed the court's *Brady* ruling and its exclusion of the hearsay substance of the memo. The appellate court affirmed, and the Court of Appeals denied leave to appeal. McKee filed a timely habeas petition, pursuant to 28 U.S.C. § 2254. The district court denied the application, and granted a certificate of appealability pursuant to 28 U.S.C. § 1915(a).

We affirm. The trial court's *Brady* ruling was sound, its evidentiary rulings were within its discretion, and it took a number of prudent measures to explore the circumstances and cure any prejudice it found. These rulings clearly were neither "contrary to" nor involved "unreasonable application[s] of" established federal law, and the findings supporting the rulings were reasonable. 28 U.S.C. § 2254 (stating test for federal court to provide collateral relief to state prisoners).

For the reasons set forth above, the judgment of the district court is AFFIRMED.